## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANUVU CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 25-124-CFC |
| INTELLECTUAL VENTURES I | ) | |
| LLC and INTELLECTUAL | ) | |
| VENTURES II LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS, STAY, OR TRANSFER

OF COUNSEL:
M. Brett Johnson
mbjohnson@winston.com
Ahtoosa A. Dale
adale@winston.com
Chaoxuan Charles Liu
ccliu@winston.com
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500

Zoe A. Goldstein
zgoldstein@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Dated: April 1, 2025

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ...................................................1

SUMMARY OF ARGUMENT...............................................................................1

STATEMENT OF FACTS ....................................................................................3

      A.    I.V. Files a Lawsuit Against Anuvu's Customer, Accusing Anuvu's In-Flight Connectivity Systems of Infringing the Patents-in-Suit ...............................................................................3

      B.    Anuvu Files This Manufacturer Action, and Its Customers Seek Stays ...........................................................................................4

ARGUMENT ....................................................................................................4

      A.    Federal Circuit Law Requires the Western District of Texas Case to Yield to This Action ........................................................4

            1.    Federal Circuit Law Requires That I.V.'s Customer Case Yield to This Manufacturer Action ...............................5

            2.    I.V.'s Dismissal Arguments Are Without Merit .........................6

            3.    Federal Circuit Law Controls, Not Third Circuit Law, and Requires Dismissal of I.V.'s Motion ..........................................10

      B.    This Court Should Deny I.V.'s Request to Transfer This Action Out of I.V.'s Home Forum...................................................11

            1.    Transfer Is Prohibited Because Anuvu Could Not Have Brought This Case in the Western District of Texas.................11

            2.    The Discretionary Factors Oppose Transfer .............................14

             3.    The Court Should Deny Transfer.............................................20

CONCLUSION .................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Acumed LLC v. Stryker Corp.*,
  525 F.3d 1319 (Fed. Cir. 2008) ................................................................. 9

*ADE Corp. v. KLA-Tencor Corp.*,
  138 F. Supp. 2d 565 (D. Del. 2001) ........................................................ 17

*In re Apple Inc.*,
  2024 WL 3886316 (Fed. Cir. Aug. 21, 2024) ......................................... 14

*Bank of Am. v. S.I.P. Assets, LLC*,
  2007 WL 2698192 (D. Del. Sept. 11, 2007) .............................................. 6

*Blackbird Tech LLC v. E.L.F. Beauty, Inc.*,
  2020 WL 2113528 (D. Del. May 4, 2020) ................................... 15, 17, 18

*Codex Corp. v. Milgo Elec. Corp.*,
  553 F.2d 735 (1st Cir. 1977) ..................................................................... 5

*Corixa Corp. v. IDEC Pharms. Corp.*,
  2002 WL 265094 (D. Del. Feb. 25, 2002) ................................................. 6

*Deere & Co. v. AGCO Corp.*,
  2019 WL 140886 (D. Del. Jan. 9, 2019) ............................................ 13, 14

*Dippold-Harmon Enters., Inc. v. Lowe's Cos.*,
  No. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001) ...................... 6, 11

*Dynamic Data Techs., LLC v. Amlogic Holdings, Ltd.*,
  2020 WL 1915261 (D. Del. Apr. 20, 2020) ......................................... 15, 19

*Elecs. for Imaging, Inc. v. Coyle*,
  394 F.3d 1341 (Fed. Cir. 2005) ............................................................... 10

*Fink v. Wilmington Tr., N.A.*,
  473 F. Supp. 3d 366 (D. Del. 2020) ..................................................... 15, 20

*Freedom Mortg. Corp. v. Irwin Fin. Corp.*,
  No. 08-146 GMS, 2009 WL 763899 (D. Del. Mar. 23, 2009) ................. 11

## TABLE OF AUTHORITIES

*(continued)*

**Page**

*Fuisz Pharma LLC v. Theranos, Inc.*,
No. 11-1061, 2012 WL 1820642 (D. Del. May 18, 2012) .................................19

*GE Healthcare Bio-Scis. AB v. Bio-Rad Lab'ys, Inc.*,
2019 WL 1985183 (D. Del. May 6, 2019)....................................................12, 15

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)..........................................................................................13, 19

*In re Google, Inc.*,
588 F. App'x 988 (Fed. Cir. 2014)........................................................6, 7, 8

*Hewlett Packard Enter. Co. v. Intellectual Ventures I LLC*,
No. 22-730 (D. Del.) ...........................................................................................13

*I.V. I v. Bank of Am.*,
No. 13-358 (W.D.N.C. June 12, 2013) ...........................................................10

*I.V. I v. Fifth Third Bancorp*,
No. 13-378 (S.D. Ohio June 4, 2013) .............................................................10

*I.V. I v. HSBC USA, Inc.*,
No. 13-5386 (S.D.N.Y. Aug. 1, 2013) ...........................................................10

*I.V. I v. M&T Bank*,
No. 13-1274 (D. Del. July 24, 2013) ...............................................................10

*I.V. I v. PNC Fin. Servs. Grp.*,
No. 13-740 (W.D. Pa. May 29, 2013)..............................................................10

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995)....................................................................14, 17, 18

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990)..................................................................2, 5, 6

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952)............................................................................................7

*In re Link_A_Media Devices Corp.*,
662 F.3d 1221 (Fed. Cir. 2011) .......................................................................15

## TABLE OF AUTHORITIES

*(continued)*

**Page**

*Microsoft Corp. v. Geotag Inc.*,
  847 F. Supp. 2d 675 (D. Del. 2012) ................................................5, 7

*Mitek Sys., Inc. v. United Servs. Auto. Ass'n*,
  2012 WL 3777423 (D. Del. Aug. 30, 2012) ......................................12

*In re Mobile Telecomms. Techs., LLC*,
  243 F. Supp. 3d 478 (D. Del. 2017)......................................10, 13, 19

*Newell v. O. A. Newton & Son Co.*,
  10 F.R.D. 286 (D. Del. 1950)..............................................................14

*Nexans Inc. v. Belden Inc.*,
  966 F. Supp. 2d 396 (D. Del. 2013) ......................................................6

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014) .............................................................5

*Pragmatus Telecom, LLC v. Advanced Store Co.*,
  2012 WL 2803695 (D. Del. July 10, 2012) ......................................5, 7

*Puff Corp. v. KandyPens, Inc.*,
  2020 WL 6318708 (D. Del. Oct. 28, 2020) ........................................15

*Realtime Data LLC v. Egnyte, Inc.*,
  2018 WL 5724040 (D. Del. Nov. 1, 2018) ...................................15, 19

*Realtime Data LLC v. Fortinet, Inc.*,
  2018 WL 5630587 (D. Del. Oct. 31, 2018) .........................................16

*Rosebud LMS, Inc. v. Salesforce.com, Inc.*,
  2018 WL 6061343 (D. Del. Nov. 20, 2018) ........................................15

*Round Rock Rsch., LLC v. Dell, Inc.*,
  904 F. Supp. 2d 374 (D. Del. 2012)....................................................20

*In re Seattle SpinCo, Inc.*,
  817 F. App'x 987 (Fed. Cir. 2020).......................................................11

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970)..............................................12, 13, 15, 16

## TABLE OF AUTHORITIES
*(continued)*

**Page**

*Time Warner Cable, Inc. v. GPNE Corp.*,
  497 F. Supp. 2d 584 (D. Del. 2007)......................................................................11

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*,
  520 F. Supp. 2d 579 (D. Del. 2007)......................................................................11

*TSMC Tech., Inc. v. Zond, LLC*,
  2014 WL 7251188 (D. Del. Dec. 19, 2014)...........................................................16

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
  46 F.4th 127 (2d Cir. 2022)...................................................................................14

*VLSI Tech. LLC v. Intel Corp.*,
  No. 18-966, 2018 WL 5342650 (D. Del. Oct. 29, 2018).......................................16

*Williams v. Netflix, Inc.*,
  No. 22-1132, 2023 WL 3478568 (D. Del. May 16, 2023) ......................7, 11, 12

*Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*,
  No. 19-2315, 2020 WL 13119694 (D. Del. Dec. 8, 2020) ...............................5, 7

*Woodbolt Distrib., LLC v. Nat. Alts. Int'l, Inc.*,
  2013 WL 247041 (D. Del. Jan. 23, 2013).................................................................6

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
  No. 11-671, D.I. 39 (N.D. Cal. Apr. 11, 2011) ....................................................13

**Statutes**

28 U.S.C. § 1404 ...........................................................................................................1, 14

28 U.S.C. § 1404(a) ................................................................................................2, 12, 15

35 U.S.C. § 299 .................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................1, 2, 4

3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE (2d ed.)
  § 13.16.....................................................................................................................14

## NATURE AND STAGE OF THE PROCEEDINGS

On January 30, 2025, Plaintiff Anuvu Corp. ("Anuvu") filed its Complaint seeking a declaratory judgment of noninfringement of U.S. Patent Nos. 7,324,469 (the "'469 patent") and 8,027,326 (the "'326 patent"). *See* D.I. 1. On March 18, 2025, Defendants Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "I.V.") moved to dismiss or stay under Federal Rule of Civil Procedure 12(b)(1), citing the "first-filed rule," and, alternatively, under 28 U.S.C. § 1404 to transfer this action to the U.S. District Court for the Western District of Texas. *See* D.I. 13. This is Anuvu's opposition to that motion.

## SUMMARY OF ARGUMENT

This Court is the proper forum to resolve the claims presented in Anuvu's Complaint. I.V. filed a case in the Western District of Texas against Anuvu's customer, Southwest Airlines, alleging infringement by Anuvu's in-flight connectivity systems. But I.V. deliberately did not sue Anuvu, the supplier and manufacturer of the accused systems. Seeking to aid its customers and to clear this cloud on its business, Anuvu brought this action to resolve, once and for all, whether its systems infringe the '469 and '326 patents. Following the long-established rule that courts resolve infringement claims against a manufacturer before those against its customers, Southwest moved in its case to sever and stay I.V.'s claims against Anuvu's systems pending resolution of this manufacturer's action.

-1-

In choosing this Court, Anuvu sought to avoid squabbles over venue and jurisdiction. Both I.V. Defendants are incorporated in Delaware, providing personal jurisdiction and venue in this Court. Indeed, I.V. has contested jurisdiction and venue when sued outside this District but admitted it when sued here. Thus, Anuvu filed this action in I.V.'s home court—this Court.

I.V. now seeks to escape its home jurisdiction, making legal arguments without merit. First, it moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss or stay this action under the "first-filed rule," but that rule does not apply. I.V. wrongly cites Third Circuit law, instead of governing Federal Circuit precedent, and wrongly cites cases resolving mirror-image disputes between the same parties, which are irrelevant where, as here, the manufacturer of an accused product responds to infringement actions against its customers. As the Federal Circuit has repeatedly confirmed, in these circumstances the manufacturer's action—***this action***—takes precedence over the patentee's customer suits. *E.g.*, *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."). The Court should therefore deny I.V.'s motion to dismiss or stay.

I.V. alternatively seeks to transfer this action under § 1404(a) to the U.S. District Court for the Western District of Texas. But I.V. did not and cannot show

that this action "might have been brought" in the Western District of Texas. Anuvu is aware of **no evidence** that personal jurisdiction or venue over either I.V. defendant would be proper in the Western District of Texas, and I.V. cites none. Because, at minimum, a "real question" exists as to whether Anuvu could have brought this declaratory action against I.V. in the Western District of Texas, this Court should not transfer this action there. And should the Court proceed to examine the discretionary factors, it should find that they require denial as well.

Anuvu respectfully submits that this Court should deny I.V.'s motion.

## STATEMENT OF FACTS

**A.    I.V. Files a Lawsuit Against Anuvu's Customer, Accusing Anuvu's In-Flight Connectivity Systems of Infringing the Patents-in-Suit**

Anuvu is a leading global connectivity and entertainment corporation with significant experience providing in-flight connectivity systems to airline customers. D.I. 1 ¶ 2. On November 2, 2024, I.V. sued Southwest Airlines in the U.S. District Court for the Western District of Texas (the "Southwest Litigation"). *See* D.I. 1 Ex. 4. In that action, I.V. explicitly accused Anuvu's in-flight connectivity systems of infringing the '469 and '326 patents. D.I. 1 Exs. 5, 7; *see also* Exs. A–B.[1] Although I.V.'s complaint and infringement contentions in the Southwest Litigation accused

---

[1] References herein to lettered Exhibits A–C refer to exhibits attached to the Declaration of Ahtoosa A. Dale, filed concurrently with this answering brief.

Anuvu's systems of infringement, *see id.*, I.V. chose not to sue Anuvu, the maker of those systems.

**B.    Anuvu Files This Manufacturer Action, and Its Customers Seek Stays**

Anuvu filed this action on January 30, 2025. Anuvu's Complaint states that the Western District of Texas action "directly accuses Anuvu's products of patent infringement" and seeks declarations that its products do not infringe either patent-in-suit. D.I. 1 ¶ 1; *see generally id*. On February 12, 2025, Anuvu's customer, Southwest Airlines, moved in the Southwest Litigation to sever and stay I.V.'s claims regarding Anuvu's systems (*see* D.I. 14 Ex. 3) and filed a declaration confirming that Anuvu is the true defendant. Ex. C ¶ 2. Southwest's declaration confirmed what I.V.'s infringement contentions had already established: that Anuvu provides, and is responsible for, the accused in-flight connectivity systems. *See id.*; *see* D.I. 1 Exs. 5, 7; *see also* Exs. A–B. Southwest has agreed to be bound by any infringement finding in this action. D.I. 14 Ex. 3, at 3, 5, 10.

<u>**ARGUMENT**</u>

**A.    Federal Circuit Law Requires the Western District of Texas Case to Yield to This Action**

I.V. invites this Court to error by moving under Federal Rule of Civil Procedure 12(b)(1) to dismiss or stay under the "first-filed rule," citing incorrect law, addressing inapplicable facts, or both. D.I. 13 at 4–10, 19. Under Federal Circuit

law, which applies here, the Court should decline I.V.'s invitation and deny its motion.

### 1.    Federal Circuit Law Requires That I.V.'s Customer Case Yield to This Manufacturer Action

Applying (correctly) the law of the Federal Circuit, this Court should deny I.V.'s motion to dismiss or stay. When a manufacturer responds to an infringement action against its customers, the question is not which court should hear the case, but which parties should litigate the claims. *E.g.*, *Katz*, 909 F.2d 1459 (affirming denial of motion to stay second-filed manufacturer suit where patent holder first sued manufacturer's customer in another federal court); *see also Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675 (D. Del. 2012); *Wilson Wolf Mfg. Corp. v. Brammer Bio, LLC*, No. 19-2315, 2020 WL 13119694 (D. Del. Dec. 8, 2020); *Pragmatus Telecom, LLC v. Advanced Store Co.*, 2012 WL 2803695 (D. Del. July 10, 2012). When a "case fits the 'customer suit' exception," courts hold that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz*, 909 F.2d at 1464. "This 'customer-suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute," as here. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (quoting *Codex Corp. v. Milgo Elec. Corp.*,

553 F.2d 735, 737–38 (1st Cir. 1977)). This manufacturer action should go forward; I.V.'s suit against Anuvu's customer should wait.

### 2.    I.V.'s Dismissal Arguments Are Without Merit

I.V. seeks to avoid litigation in this Court, but its arguments lack merit. First, I.V. misapplies cases involving mirror-image litigation, where *A* sues *B* for infringement while *B* sues *A* for a declaration of noninfringement. *See* D.I. 13 at 4 (citing *Corixa Corp. v. IDEC Pharms. Corp.*, 2002 WL 265094 (D. Del. Feb. 25, 2002)), *id.* at 4–5 (citing *Dippold-Harmon Enters., Inc. v. Lowe's Cos.*, No. 01-532, 2001 WL 1414868 (D. Del. Nov. 13, 2001)), *id.* at 5 (*Bank of Am. v. S.I.P. Assets, LLC*, 2007 WL 2698192 (D. Del. Sept. 11, 2007)); *id.* at 8 (citing *Nexans Inc. v. Belden Inc.*, 966 F. Supp. 2d 396 (D. Del. 2013)) (citing *Woodbolt Distrib., LLC v. Nat. Alts. Int'l, Inc.*, 2013 WL 247041, at *4 (D. Del. Jan. 23, 2013)). In these mirror-image cases, the parties and issues were identical, so the only question remaining was which court should resolve the dispute. Mirror-image cases thus investigate topics such as who filed first (*e.g.*, *Corixa*, 2002 WL 265094, at *2); whether a suit is "anticipatory" or otherwise brought in "bad faith," or whether one case is far ahead of the other. *E.g.*, *Nexans*, 966 F. Supp. 2d at 403–04.

But cases considering the customer-suit exception do not examine the mirror-image factors, including order of filing, because they are irrelevant to the analysis. *E.g.*, *In re Google, Inc.*, 588 F. App'x 988 (Fed. Cir. 2014); *Katz*, 909 F.2d 1459;

*Microsoft*, 847 F. Supp. 2d 675; *Wilson*, 2020 WL 13119694; *Pragmatus*, 2012 WL 2803695. As with cases citing Third Circuit law, the mirror-image cases that I.V. relies on have no bearing on this dispute; the Court should disregard them. *Williams*, 2023 WL 3478568, at *1.

I.V. further argues that this Court must yield to the Western District of Texas because, although Anuvu is the first filer between itself and I.V., I.V.'s customer suit predates this manufacturer suit. D.I. 13 at 4–5. The Federal Circuit rejected that very argument in *In re Google*, 588 F. App'x 988. In *Google*, the patentee argued that the manufacturer case must yield to its "first-filed" customer cases. *Id.* at 989–90. The court was "unpersuaded by [the patentee's] argument that, despite not initially naming Google as a defendant, their actions are entitled to precedence under a first-filed designation since their complaints in Texas were filed before the California action, because . . . 'the equities of the situation do not depend on this argument.'" *Id.* at 990 n.2 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 186 n.6 (1952)). The facts are the same here; *Google* controls.

I.V. next seeks dismissal based on speculation that infringement by Southwest might differ, in some unspecified way, from infringement by Anuvu. *See* D.I. 13 at 9–10. Again, the Federal Circuit rejected this argument in *Google*. There, the patentee argued that the customer-suit exception should not apply because of "each defendant mobile phone manufacturer's ability to modify and customize the Android

platform." 588 F. App'x at 990. The Federal Circuit disagreed, noting that "[the patentee] provided nearly identical infringement contentions to all defendants that rely almost exclusively on the underlying functionalities provided in the base Android source code provided by Google." *Id.* The same is true here, compelling the same result. *See* D.I. 1 Exs. 5, 7; *see also* Exs. A–B. Indeed, in its motion to dismiss, I.V. affirmatively argues that "infringement of the '326 Patent and '469 Patent are central issues" in the Southwest Litigation (D.I. 13 at 5), admitting, just as the patentee in *Google* did, "that the proceedings involve substantially the same controversy," and further confirming that this action, not the customer suit, should proceed. 588 F. App'x at 990.

Against this admission, I.V. vaguely alleges the possibility of differences in infringement between Anuvu and its airline customers in one step of one claim of one patent, stating that "Anuvu is silent" about "the authentication step." D.I. 13 at 9. This argument is both misleading and false because I.V. ***itself*** is not "silent" about the authentication step; its contentions in the Southwest Litigation explicitly cite ***Anuvu*** documentation to accuse ***Anuvu*** hardware of being the "subscriber access unit" that is "capable of authenticating." D.I. 1 Ex. 7, at 14–15; Ex. B at 16–17. In other words, I.V. admits in its own infringement contentions that it accuses Anuvu at this step. Moreover, I.V.'s assertion is false because Anuvu ***does*** address this step in its Complaint, stating that "authentication must occur locally" on the airplane (D.I.

1 ¶ 56) and claiming noninfringement because, in "Anuvu's in-flight connectivity systems," "any 'authenticat[ion]' of a 'subscription account' is handled by terrestrial systems off the airplane." *Id.* ¶ 62.

I.V. also argues that proceeding with the Delaware action will require separate consideration of alleged infringement by other manufacturers' systems. D.I. 13 at 5–6. But this is always true, since determining infringement of separate systems from separate sources always requires a separate factual finding. *See, e.g.*, *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). And at trial, those separate factual findings must come from separate juries. 35 U.S.C. § 299. The choice is not whether there will be separate determinations of infringement for systems from Anuvu and those from other manufacturers. Instead, this Court must decide whether multiple courts or juries will make duplicative determinations ***about Anuvu's systems*** (as I.V. would require), or whether Anuvu's alleged infringement should be resolved by one jury in this action (as Anuvu suggests).

Finally, and ironically, I.V. complains that keeping this action alive might "involve overlapping witnesses and evidence." D.I. 13 at 5. Of course, this will not be the case if the Western District of Texas follows Federal Circuit law and stays I.V.'s claims about Anuvu's systems.[2] In any event, I.V. confronts such overlap

---

[2] Southwest has filed a Motion to Sever and Stay Claims Against In-Flight Connectivity Systems Based on the Customer Suit Exception. *See* D.I. 14 Ex. 3 (No.

whenever it brings simultaneous cases in different courts regarding the same patents, which it has already done against Anuvu's customer, as well as in other cases. *I.V. I v. PNC Fin. Servs. Grp.*, No. 13-740 (W.D. Pa. May 29, 2013); *I.V. I v. Fifth Third Bancorp*, No. 13-378 (S.D. Ohio June 4, 2013); *I.V. I v. Bank of Am.*, No. 13-358 (W.D.N.C. June 12, 2013); *I.V. I v. Cap. One Fin. Corp.*, No. 13-740 (E.D. Va. June 19, 2013); *I.V. I v. M&T Bank*, No. 13-1274 (D. Del. July 24, 2013); *I.V. I v. HSBC USA, Inc.*, No. 13-5386 (S.D.N.Y. Aug. 1, 2013). The Court should disregard I.V.'s selective and convenient assertion of this argument.

### 3.    Federal Circuit Law Controls, Not Third Circuit Law, and Requires Dismissal of I.V.'s Motion

I.V. incorrectly cites the Third Circuit's first-to-file rule—ignoring the Federal Circuit's customer-suit exception for patent cases—in arguing that this case should be dismissed in favor of the Southwest Litigation. D.I. 13 at 4–10. "In patent cases, application of the first-filed rule is governed by Federal Circuit law." *In re Mobile Telecomms. Techs., LLC*, 243 F. Supp. 3d 478, 483 (D. Del. 2017); *see also Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345–46 (Fed. Cir. 2005) (explaining that the first-to-file rule is "an issue that falls within our exclusive subject matter jurisdiction" and so "the procedural rules of the regional circuits" do not apply). I.V. ignores the Federal Circuit precedent, incorrectly citing Third Circuit cases, or cases

---

7:24-cv-00277-ADA, W.D. Tex., D.I. 17). The motion is fully briefed and currently pending as of the date of this answering brief.

citing them, that are unrelated to the customer-suit exception applicable here. *See* D.I. 13 at 4, 7 (citing *Freedom Mortg. Corp. v. Irwin Fin. Corp.*, No. 08-146 GMS, 2009 WL 763899 (D. Del. Mar. 23, 2009)), 4–5 (citing *Dippold-Harman*, 2001 WL 1414868), 6 (citing *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007)), 6–7 (citing *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007)).

I.V.'s reliance on the Federal Circuit's holding in *In re Seattle SpinCo, Inc.* is misplaced. *Id.* at 6–7 (citing *In re Seattle SpinCo, Inc.*, 817 F. App'x 987, 989 (Fed. Cir. 2020)). *SpinCo* is inapposite here, as the customer-suit exception was not implicated or invoked in that matter. *See In re SpinCo*, 817 F. App'x at 98. Instead, in *SpinCo*, the first-filed suit was not filed by a customer, and the second-filed suit was not brought by a manufacturer or supplier of the products at issue. *Id.* As the cases cited by I.V. have no bearing on this dispute, the Court should disregard them. *Cf. Williams v. Netflix, Inc.*, No. 22-1132, 2023 WL 3478568, at *1 (D. Del. May 16, 2023) (Connolly, J.) (finding waiver of arguments without legal authority).

**B.    This Court Should Deny I.V.'s Request to Transfer This Action Out of I.V.'s Home Forum**

**1.    Transfer Is Prohibited Because Anuvu Could Not Have Brought This Case in the Western District of Texas**

The bulk of I.V.'s motion asks this Court to "transfer [this action] to the WDTX." D.I. 13 at 10; *see id.* at 10–19. Like its motion to dismiss or stay, I.V.'s transfer request is based on fundamental legal error.

I.V. admits that the Court may transfer a case only when the transferee "court would have had proper personal jurisdiction, subject matter jurisdiction, and venue." *Id.* at 11 (quoting *Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 2012 WL 3777423, at *3 (D. Del. Aug. 30, 2012)). Under § 1404(a), this Court may only "transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An "action 'might have been brought' in the transferee forum '***only*** if the plaintiff had an ***unqualified right*** to bring the action in the transferee forum at the time of the commencement of the action.'" *Williams*, 2023 WL 3478568, at *1 (emphases added) (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)).

Anuvu does not have "an unqualified right to bring the action in the transferee forum at the time of the commencement of the action," and I.V. does not argue otherwise. *Id.* "If there is a 'real question' whether a plaintiff could have commenced the action originally in the transferee forum, it is evident that [the plaintiff] would not have an unqualified right to bring [its] cause in the transferee forum." *GE Healthcare Bio-Scis. AB v. Bio-Rad Lab'ys, Inc.*, 2019 WL 1985183, at *1 (D. Del.

May 6, 2019) (Connolly, J.) (quoting *Shutte*, 431 F.2d at 24); *see*, *e.g.*, *Deere & Co. v. AGCO Corp.*, 2019 WL 140886, at *1 (D. Del. Jan. 9, 2019) (Connolly, J.).

A "real question" exists whether Anuvu could have brought this suit in the Western District of Texas, thereby preventing this Court from transferring this case there. When sued outside of the District of Delaware, I.V. has often contested venue and jurisdiction. *E.g.*, *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11-671, D.I. 39, at 9:23–10:5 (N.D. Cal. Apr. 11, 2011). But in this District, it admits to both. *E.g.*, *Hewlett Packard Enter. Co. v. Intellectual Ventures I LLC*, No. 22-730, D.I. 11 ¶ 6 (D. Del. June 17, 2022) (complaint asserting personal jurisdiction and venue), D.I. 42 ¶ 6 (D. Del. Nov. 14, 2022) (answer admitting same). As it must: both I.V. Defendants are Delaware limited liability corporations, making Delaware their "place of incorporation," a location "in which the corporation is fairly regarded as at home" and subject to general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Mobile Telecomms.*, 243 F. Supp. 3d at 484 ("venue is proper" against Delaware LLC because Delaware is where it is "organized and exists as a legal entity and, therefore, resides"). Anuvu did not forum shop or sue in a convenient jurisdiction near its headquarters, which is in Illinois.  It simply sued I.V. in I.V.'s home court—Delaware.

Anuvu is aware of ***no evidence*** that personal jurisdiction or venue over either I.V. Defendant would be proper in the Western District of Texas, and I.V. cites none.

Notably, neither I.V. I nor I.V. II has ever been a defendant in the Western District of Texas.[3] At a minimum, Anuvu would have faced a "real question" as to jurisdiction in that court, preventing it from being a "district or division where" this declaratory action "might have been brought," and preventing this Court from transferring it there. *Deere*, 2019 WL 140886, at *1.

## 2.    The Discretionary Factors Oppose Transfer

Even if this action "might have been brought" in the Western District of Texas (it could not), this Court should still deny transfer under the "*Jumara* factors." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995).[4] As this Court and the Federal Circuit have previously held, "[t]he burden of showing that the balance of interests favors transfer is heavy. '[U]nless the balance of convenience of the parties is strongly in favor of [the] defendant, the plaintiff's choice of forum should

---

[3] Both I.V. I and I.V. II are sometimes *counterclaim*-defendants, but that means nothing, since "a plaintiff, by instituting suit against a defendant, 'thereby waives any right to object to the venue of any counterclaim, whether compulsory or permissive, interposed by the defendant.'" *Newell v. O. A. Newton & Son Co.*, 10 F.R.D. 286, 287 (D. Del. 1950) (quoting 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE (2d ed.) § 13.16); *see, e.g., V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 132 (2d Cir. 2022). In Texas, I.V. I and I.V. II have been prolific plaintiffs, sometimes counterclaim-defendants, but never ordinary defendants over whom a court must establish personal jurisdiction and venue.

[4] Although this is a patent case, courts considering § 1404 transfer motions "apply regional circuit law." *In re Apple Inc.*, 2024 WL 3886316, at *1 (Fed. Cir. Aug. 21, 2024).

-14-

prevail.' " *Dynamic Data Techs., LLC v. Amlogic Holdings, Ltd.*, 2020 WL 1915261, at *1 (D. Del. Apr. 20, 2020) (Connolly, J.) (quoting *Shutte*, 431 F.2d at 25).

### (a)    Plaintiff's Choice of Forum

This factor militates against transfer. Anuvu's choice of forum is "a paramount consideration in the § 1404(a) balancing analysis" that "should not be lightly disturbed." *Puff Corp. v. KandyPens, Inc.*, 2020 WL 6318708, at *2 (D. Del. Oct. 28, 2020) (Connolly, J.). I.V. relies on *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), and argues (wrongly) that "Anuvu's choice of forum is not entitled to deference" because "the only connection between Anuvu and Delaware is Anuvu's incorporation." D.I. 13 at 12; *see id.* at 12–13. But Third Circuit law controls.

*Link_A_Media* applies only when the plaintiff "is a non-United States company." *Blackbird Tech LLC v. E.L.F. Beauty, Inc.*, 2020 WL 2113528, at *3 (D. Del. May 4, 2020) (Connolly, J.). And, as this Court has repeatedly explained, "binding Third Circuit law compels" the Court to treat Anuvu's forum choice as "paramount." *Puff*, 2020 WL 6318708, at *2; *see Fink v. Wilmington Tr., N.A.*, 473 F. Supp. 3d 366, 374–75 (D. Del. 2020) (Connolly, J.); *Blackbird*, 2020 WL 2113528, at *2; *GE Healthcare*, 2019 WL 1985183, at *3; *Rosebud LMS, Inc. v. Salesforce.com, Inc.*, 2018 WL 6061343, at *2–3 (D. Del. Nov. 20, 2018) (Connolly, J.); *Realtime Data LLC v. Egnyte, Inc.*, 2018 WL 5724040, at *2 (D. Del. Nov. 1,

2018) (Connolly, J.); *Realtime Data LLC v. Fortinet, Inc.*, 2018 WL 5630587, at *2 (D. Del. Oct. 31, 2018) (Connolly, J.); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2018 WL 5342650, at *2 (D. Del. Oct. 29, 2018) (Connolly, J.). Thus, this factor weighs against transfer.

### (b)    Defendant's Choice of Forum

This factor slightly favors transfer, but it is not "a paramount consideration." *Shutte*, 431 F.2d at 25. I.V. argues that "in these circumstances, giving priority to IV's choice of forum is consistent with the 'historic respect accorded the first-filed plaintiff's choice of forum.'" D.I. 13 at 12–13 (citing *TSMC Tech., Inc. v. Zond, LLC*, 2014 WL 7251188, at *21 (D. Del. Dec. 19, 2014)). But implicit in this argument is the incorrect assumption that *Shutte*'s reference to "the plaintiff" actually means "the plaintiff in the first-filed action," rather than the usual meaning of the plaintiff in the current action. *Shutte* says no such thing. *See supra* Section B.1. Thus, the Court should give this factor little weight.

### (c)    Whether the Claim Arose Elsewhere

This factor is neutral. The "research and development efforts associated" with the accused technology occurred at Anuvu's facilities in Lombard, Illinois, not in Delaware or Texas. *VLSI*, 2018 WL 5342650, at *6; *Fortinet*, 2018 WL 5630587, at *6. I.V. focuses on alleged infringement by Anuvu's customer, Southwest (D.I. 13 at 14), which is irrelevant here. In any event, Southwest is an international airline. Even

if Southwest did matter, this factor would still be neutral. If infringement occurs in the Western District of Texas because planes with Anuvu's in-flight connectivity fly over that part of Texas, those same planes also infringe when they fly over Delaware.

> ### (d)    The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor opposes transfer. "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Blackbird*, 2020 WL 2113528, at *3 (quoting *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001)). All parties are Delaware residents. I.V. claims it should not bear the burden of litigating in two states at the same time (D.I. 13, at 14–15), but it does so routinely in many more than two. *See supra* Section A.3.

> ### (e)    The Convenience of the Witnesses

This factor is neutral. It "carries weight 'only to the extent that the witnesses may actually be unavailable for trial in one of the fora,'" and only for nonparty witnesses. *Blackbird*, 2020 WL 2113528, at *4 (quoting *Jumara*, 55 F.3d at 879). Neither party points to any witness unavailable for trial in either court.

> ### (f)    The Location of Books and Records

This factor is neutral. *Jumara* allows consideration of "books and records only 'to the extent that the files [and other documentary evidence] could not be produced

in the alternative forum.'" *Id.* (quoting *Jumara*, 55 F.3d at 879). Neither party points to any files or other documentary evidence that could not be produced in either court.

### (g)    Enforceability of the Judgment

This factor is neutral, as judgments from the District of Delaware and the Western District of Texas would be "equally enforceable." *Id.*

### (h)    Practical Considerations

This factor, which gives weight to "considerations that could make the trial easy, expeditious, or inexpensive," opposes transfer. *Id.* There is only one way to resolve whether Anuvu's systems infringe I.V.'s patents in a single action: this action, in this Court. I.V.'s proposal to transfer this case to the Western District of Texas would resolve only claims regarding Anuvu systems installed on Southwest planes, thus leaving I.V. free to bring yet more cases against other Anuvu customers in any number of courts. This action will resolve I.V.'s claims against Anuvu, and all of its customers, once and for all. D.I. 1. Transfer would frustrate that goal and allow a multiplicity of suits.

I.V. also argues that the Southwest Litigation "will continue *regardless* of whether this action is transferred to Texas." D.I. 13 at 17. But that is not necessarily true, as Southwest has filed a motion in the Southwest Litigation case to sever and stay I.V.'s claims pending resolution of this case. *See supra* note 2; *see also* D.I. 14 Ex. 3.

### (i)    Relative Administrative Difficulty Due to Court Congestion

I.V. ignores this factor in its motion. *See* D.I. 13 at 17–19 (analyzing public interest factors). In any event, this factor opposes transfer. Reports from December 2024 put this Court's time to trial (32.3 months) as nearly identical to that of the Western District of Texas (33.9 months). *See* National Judicial Caseload Profile, https://uscourts.gov/sites/default/files/2025-02/fcms_na_distprofile1231.2024.pdf.

### (j)    Local Interest in Deciding Local Controversies

This factor opposes transfer. "[P]atent issues do not give rise to a local controversy or implicate local interests." *Dynamic Data Techs.*, 2020 WL 1915261, at *4. But all parties to this action are Delaware corporations, and this is I.V.'s home court; the Delaware court should decide this action. *See Goodyear*, 564 U.S. at 924; *see also Mobile Telecomms.*, 243 F. Supp. 3d at 484. I.V. argues that the location of Southwest is what matters (D.I. 13 at 18), citing a single case that does not actually consider the location of nonparties, but does confirm that "Delaware has a real local interest in the outcome of a significant legal dispute between its corporate citizens." *Fuisz Pharma LLC v. Theranos, Inc.*, No. 11-1061, 2012 WL 1820642, at *17 (D. Del. May 18, 2012).

### (k)    Public Policies of the Fora

This factor opposes transfer. "Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts." *Egnyte*, 2018 WL

5724040, at *6 (citing *Round Rock Rsch., LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012)).

### (l)    Familiarity with State Law in Diversity Cases

This factor is neutral.

### 3.    The Court Should Deny Transfer

I.V. has not met its heavy burden of "establish[ing] that a balancing of proper interests weigh[s] in favor of the transfer." *Fink*, 473 F. Supp. 3d at 374 (internal quotation marks and citation omitted). Six factors oppose transfer, including one of paramount importance; five are neutral; and one slightly favors transfer. Since "the balance of convenience of the parties" is not "strongly in favor of [the] defendants" here, Anuvu's "choice of forum should prevail." *Id.* The Court should accordingly deny transfer.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny I.V.'s motion.

-20-

Respectfully submitted,

OF COUNSEL:

M. Brett Johnson
mbjohnson@winston.com
Ahtoosa A. Dale
adale@winston.com
Chaoxuan Charles Liu
ccliu@winston.com
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500

Zoe A. Goldstein
zgoldstein@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

Dated: April 1, 2025

*/s/ David A. Bilson*
John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com

-21-