## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANUVU CORP., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | **C.A. No. 25-CV-124-CFC** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INTELLECTUAL VENTURES I LLC | ) | |
| and | ) | |
| INTELLECTUAL VENTURES II LLC | ) | |
| | ) | |
| *Defendant*. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR
### MOTION TO DISMISS, STAY, OR TRANSFER

Dated: April 8, 2025

Of Counsel:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
John Downing
Heather S. Kim
ThucMinh Nguyen
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Dr., Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170
Fax: (650) 362-9302
JWaldrop@kasowitz.com
DJones@kasowitz.com
MBarber@kasowitz.com
JDowning@kasowitz.com
HKim@kasowitz.com
TNguyen@kasowitz.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
Tel. (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Defendants
*Intellectual Ventures I LLC and*
*Intellectual Ventures II LLC*

## <u>TABLE OF CONTENTS</u>

**Page**

I.    ARGUMENT ...............................................................................................2

    A.    The Customer Suit Exception Does Not Apply ...................................2

    B.    The Court Should Stay This Case or Transfer It To Texas
        Under 28 USC § 1404(A) ...................................................................7

        1.    Anuvu Could Have Brought This Case In The Western
            District of Texas ...................................................................7

        2.    Plaintiff's Choice of Forum .......................................................8

        3.    Whether The Claim Arose Elsewhere Weighs in Favor of
            Transfer ................................................................................9

        4.    The Convenience of The Parties Still Weighs in Favor of
            Transfer .................................................................................9

        5.    The Location of Books and Records, Local Interests
            and Public Policy .......................................................................10

        6.    Practical Considerations ..........................................................10

        7.    Relative Administrative Difficulty Due to
            Court Congestion ....................................................................10

        8.    Public Interest Factors Favor Transfer .....................................11

        9.    Other Factors .........................................................................11

II.   CONCLUSION ...........................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Air Prods. and Chemicals, Inc. v. MG Nitrogen Servs., Inc.*,
133 F. Supp. 2d 354 (D. Del. 2001).................................................................3, 6

*APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*,
295 F. Supp. 2d 393 (D. Del. 2002)......................................................................9

*Citrix Sys., Inc. v. Parallel Networks Licensing, LLC*,
2020 WL 2309073 (D. Del. May 8, 2020) ........................................................6, 8

*Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*,
130 F.2d 474 (3d Cir. 1942) ..................................................................................2

*Dippold-Harmon Enter. Inc. v. Lowe's Companies, Inc.*,
2001 WL 1414868 (D. Del. Nov. 13, 2001)........................................................10

*Fleet Connect Sols., LLC v. Precision Drilling Corp.*,
2022 WL 2373711 (W.D. Tex. June 30, 2022) .....................................................4

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
737 F.3d 704 (Fed. Cir. 2013) ...............................................................................2

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)..............................................................................................11

*In re Google Inc.*,
588 F. App'x 988 (Fed. Cir. 2014) ...............................................................4, 5, 10

*Hum. Genome Scis., Inc. v. Genentech, Inc.*,
2011 WL 2911797 (D. Del. July 18, 2011) ...........................................................7

*Kahn v. General Motors Corp.*,
889 F.2d 1078 (Fed. Cir. 1989) .............................................................................3

*Motion Offense, LLC v. Sprouts Farmers Mkt., Inc.*,
2020 WL 4561594 (W.D. Tex. Jan. 26, 2020) ......................................................7

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*,
458 F.3d 1335 (Fed. Cir. 2006) .............................................................................7

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,
    676 F. Supp. 2d 321 (D. Del 2009).........................................................................5

*Time Warner Cable, Inc. v. GPNE Corp.*,
    497 F. Supp. 2d 584 (D. Del. 2007)......................................................................8

*TSMC Tech., Inc. v. Zond, LLC*,
    2014 WL 7251188 (D. Del. Dec. 19, 2014) .........................................................8

**Statutes**

28 USC § 1404(A) ..............................................................................................7

Anuvu brings a second action in this forum - that forms part of another case already pending in another jurisdiction. This second action is not warranted nor an efficient use of resources. Most notably, IV's first-filed case against Southwest Airlines ("Southwest") will go forward on six patents, including the two patents asserted in this declaratory judgment ("DJ") action regardless of the outcome here. Anuvu, unlike other cases that have found the customer suit exception applies, is not the only supplier of the accused technology and Anuvu does not provide all of the Accused Functionality. Anuvu's DJ will result in at least four actions analyzing the same patents, claim construction, and infringement issues. The non-DJ cases, however, will also address the infringement of Anuvu and other suppliers and patent issues. With regards to infringement, Anuvu does not represent that it has possession, custody, and control of the witnesses and documents needed to assess infringement. Therefore, Anuvu simply has not shown that it is the "true defendant" here and that litigating in Delaware is convenient.

The court in Texas will construe all the asserted claims that Anuvu brought in its complaint and will coordinate discovery with the suppliers and the parties. Moreover, the court in Texas will address all the issues at the same time, whereas the present case will only address non-infringement. Importantly, there is no question that relevant parties and witnesses are in Texas - since Anuvu relies on a

1

declaration from Christopher Muhien, a Southwest employee located in Dallas, Texas, in support of its opposition brief (D.I. 17-3).

In short, Anuvu's DJ action should not proceed in Delaware. Allowing this case to go forward, in addition to IV's first-filed case would inefficiently consume the Court and parties' resources, risk inconsistent rulings, increase the burden on the parties, and is plainly inconvenient.[1]

## I.    ARGUMENT

### A.    The Customer Suit Exception Does Not Apply

Contrary to Anuvu's Opposition (D.I. 16, "Op."), the customer suit exception does not apply. Anuvu argues that this DJ action should proceed in tandem with the Texas lawsuit against Southwest (the "Southwest Litigation"), which includes other (non-Anuvu) in-flight Wi-Fi technology providers. This technology is incorporated into Southwest airplanes. This case also involves four unrelated patents not included in this DJ action. Anuvu's arguments focus on: (i) whether Southwest, the defendant in the first-filed action in the Western District of Texas, is a mere "reseller" of the technology; and (ii) whether proceeding in parallel with the Southwest Litigation promotes efficiency.[2]

---

[1] IV's Opening Brief in Support of its Motion to Dismiss, Stay or Transfer (D.I. 13) is referred to as "Mot." or "Motion."

[2] Anuvu's arguments about the applicable caselaw are red herrings. Anuvu does not identify any substantive differences between the Federal and Third Circuit's first filed rules because there are none. *Compare Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) *with Crosley Corp. v. Westinghouse Elec.*

The customer suit analysis looks to whether the second-filed case promotes efficiency and convenience, not simply whether a manufacturer seeks declaratory relief. Op. at 2. *See Kahn v. General Motors Corp.,* 889 F.2d 1078, 1081, (Fed. Cir. 1989) (denying customer suit exception); *Air Prods. and Chemicals, Inc. v. MG Nitrogen Servs., Inc.,* 133 F. Supp. 2d 354, 357 (D. Del. 2001). Anuvu's opposition and complaint do not provide sufficient facts warranting the customer suit exception. Anuvu argues that it provides "the accused in-flight connectivity systems," (Op. at 4), but fails to account for the components made by third parties, whether discovery or witnesses are needed, and that it provides only part of the Accused Functionality.

Anuvu does not state that it has possession of witnesses and documents that would promote convenience and efficiency for evaluating infringement and does not identify what they are and where they are located. Instead, Anuvu alleges that other (non-Anuvu) third-parties provide components related to the infringement allegations, so Anuvu may not be a true "manufacturer." D.I. 1 at ¶ 48 ("wireless access point cards, which [IV] accuses of infringement, [are] *originally sold by Extreme Networks, Inc."*). Anuvu also argues that Delaware is "home" to both Anuvu and IV (Op. at 13), although neither has offices or employees here. Anuvu has not shown the documents and witnesses are substantially located in one location

---

*& Mfg. Co.,* 130 F.2d 474, 475 (3d Cir. 1942). Similarly, Anuvu's mirror-image argument (Op. at 6-7) is irrelevant because IV's cases concern the actual issue at hand—whether the first-filed rule applies.

and, indeed, it appears none are located in Delaware. In fact, Southwest who incorporates Anuvu technology along with other in-flight Wi-Fi providers into its airplanes, recently filed a motion to transfer to the Northern District of Texas arguing that the location was "clearly the more convenient forum". D.I. 14-3. This is a clear admission that Delaware is not the convenient forum.

Anuvu and Southwest both have office locations in Texas. (D.I. 14-1 (Southwest Complaint) at ¶ 6.) Indeed, Anuvu argues that a declaration filed by a Southwest employee located in Dallas, Texas (Op. at 4) confirms that Anuvu is responsible for the accused in-flight connectivity systems (Op. at 4). But this declaration does not account for all of the relevant hardware and software implicated by IV's infringement allegations nor does it show that litigating this action in Delaware promotes efficiency. *See Google Infra.* Indeed, in the Southwest Litigation, Judge Albright has already allowed IV to take discovery to address the customer suit arguments and Southwest's declaration.[3]

As IV showed, there are claim limitations requiring discovery from Southwest to assess infringement, in addition to Anuvu technology. Thus, Southwest is necessary for the infringement determination. Mot. at 9-10. *Fleet Connect Sols., LLC v. Precision Drilling Corp.*, 2022 WL 2373711, at *2-4 (W.D. Tex. June 30,

---

[3] In the alternative, the Court may hold this motion in abeyance until that discovery is completed and allow IV to supplement its motion with that discovery.

2022) (denying customer suit exception when component was not used "off-the-shelf"). *In re Google Inc.,* 588 F. App'x 988 (Fed. Cir. 2014) ("*Google"*) does not support Anuvu's position. There, the Court found the accusations at issue related to Android functionality and that the infringement contentions all relied on Google-created Android source code. *Id.* at 990. Further, knowledgeable witnesses and records were identified in or near Google's California headquarters through clear statements from Google and there was no issue of multiple suppliers providing the technology. *Id.* at 991. Anuvu makes no such showing here, only that it may provide part of the accused technology and it fails to make representations regarding whether relevant witnesses and documents are in its possession, custody, or control.

Moreover, "the determination of the infringement issues here would [not] . . . be dispositive of the other cases" because Anuvu, unlike Google, is not the only supplier of the Accused Functionality. *See* D.I. 17-3 (referencing other Wi-Fi providers). Accordingly, IV requested from Anuvu, *inter alia*, an itemization of the parts of the accused technology Anuvu itself provides vs. what is provided by third-parties. Ex. 6. Tellingly, IV received no response as to the exact technology Anuvu actually provides to Southwest.

Because IV's infringement allegations against Southwest go beyond its role as a user of Anuvu's products, the customer suit exception does not apply. *See, e.g., Teleconference Sys. v. Proctor & Gamble Pharms., Inc.,* 676 F. Supp. 2d 321, 327

5

(D. Del 2009) (customer suit exception inapplicable where defendant alleged that manufacturer's customers were direct infringers of defendant's patents); *Air Prods.,* 133 F. Supp. 2d at 357 (transferring manufacturer's declaratory judgment claim to first-filed Texas infringement action where customer sued in Texas was not "merely a reseller" of manufacturer's products, but incorporated them into the customer's infringing product). As explained in IV's Motion, Anuvu provides only a part of the Accused Functionality. IV alleges infringement of claim 24 of the '469 Patent which requires "a web-ready device operatively coupled to the at least one router . . . wherein the user may authenticate the subscription account and access the Internet at the remote location by establishing a data connection between the web-ready device and the router." Mot. at 9. Anuvu is silent as to its responsibility, if any, with respect to the web-ready device and authentication step ("a web-ready device" and "*the user may authenticate the subscription account ... by establishing a data connection between the web-ready device and the router*"). *See* (Mot. at 9; D.I. 14-1 (Southwest Complaint) at 16, 24; Op. at 8-9).

Finally, the customer suit exception does not apply when "the manufacturer could have been named a defendant where the first suit was brought." *Air Prods., supra; see also Citrix Sys., Inc. v. Parallel Networks Licensing, LLC,* 2020 WL 2309073, at *9 (D. Del. May 8, 2020) (transferring DJ action because "absent circumstances where the supplier cannot be joined as a defendant in the customer

suit, the [Supreme Court's] formulation of the customer suit exception does not apply."). Anuvu has an office and services customers headquartered in Texas. No party has an office in Delaware. *Motion Offense, LLC v. Sprouts Farmers Mkt., Inc*., 2020 WL 4561594, at *2–*3 (W.D. Tex. Jan. 26, 2020) (denying stay when no offices in Delaware). The customer suit exception does not apply for these reasons as well.

Accordingly, the first-filed rule applies, and Anuvu's arguments fail (and the Court need not reach § 1404(a)).

### B.    The Court Should Stay This Case or Transfer It To Texas Under 28 USC § 1404(A)

#### 1.    Anuvu Could Have Brought This Case In The Western District of Texas

Anuvu asserts that it did not have an unqualified right to bring the action in the WDTX, however, Anuvu could have sought to intervene in Texas with regards to the patents asserted by IV there. *See Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.,* 458 F.3d 1335, 1344 (Fed. Cir. 2006) (noting that if interests were impaired, "Tegic may seek to intervene in that litigation"); *See Hum. Genome Scis., Inc. v. Genentech, Inc*., 2011 WL 2911797, at *3 (D. Del. July 18, 2011). Instead, Anuvu seeks to create an additional action based on issues already underway in Texas.

## 2.    Plaintiff's Choice of Forum

As IV has shown (D.I. 13), its choice of forum (in Texas) should be accorded significant weight.  Ironically, Anuvu agrees with this in principle, arguing that Anuvu's choice of forum must be given "paramount" consideration.  Op. at 15-16. However, the Court rejected this argument in a declaratory judgment action to Texas.

> But to give the first Jumara factor dispositive weight under [DJ] circumstances like these would not promote the interests of justice, because it would essentially promote litigating the same or similar issues in two districts at once.

*Citrix Sys.*, 2020 WL 2309073, at *6. *Cf. Time Warner Cable, Inc. v. GPNE Corp*., 497 F. Supp. 2d 584, 590 (D. Del. 2007) (focusing on first-filed action plaintiff in noting that "[a] plaintiff's choice of forum should be upheld unless there are rare or extraordinary circumstances that would mandate dismissal or transfer.").  Anuvu has failed to show any such rare or extraordinary circumstances.  Indeed, adopting Anuvu's approach would require the Court to ignore the "historic respect accorded the first-filed plaintiff's choice of forum."  *TSMC Tech., Inc. v. Zond, LLC*, 2014 WL 7251188, at *21 (D. Del. Dec. 19, 2014).

Anuvu's reference to a few of this Court's cases as definitive evidence of treating its choice of forum as "paramount" fails.  None of the cases that Anuvu cites involve first-filed cases involving the same patents.  Thus, this factor still weighs against transfer.

### 3. Whether The Claim Arose Elsewhere Weighs in Favor of Transfer

Anuvu brought this action because "the litigation …against Southwest" directly "accuses Anuvu's in-flight connectivity systems of patent infringement, impacting Anuvu's business and relationships with its customers," yet Anuvu untenably simultaneously claims that the direct infringement of its customers is "irrelevant." D.I. 1 at 3 (Anuvu Complaint); Op. at 16. Anuvu does not deny that its technology is utilized throughout Texas. This factor favors transfer.

### 4. The Convenience of The Parties Still Weighs in Favor of Transfer [4]

This factor weighs in favor of transfer. As shown above, Anuvu ignores IV's argument that Anuvu is but one of the Wi-Fi system providers used by Southwest and, therefore, Anuvu would already have to prepare for litigation in Texas anyway. As discussed above, Anuvu does not address where specifically the witnesses and relevant documents are located and whether it has possession, custody and control of the necessary witnesses and documents. Instead, Anuvu focuses only on its and IV's Delaware residences, which is not enough in itself to favor transfer. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc*., 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) (incorporation in Delaware was not dispositive "where an alternative forum is more convenient and has more substantial connections with the litigation"). Anuvu

---

[4] Practical considerations and the convenience of the witnesses are factors that are addressed by IV's arguments regarding the customer suit exception.

ignores the document and witness analysis contained in *Google* and ignores its reference to third-party components in its DJ complaint.  *See supra*.

**5.      The Location of Books and Records, Local Interests and Public Policy**

This factor favors transfer.  Anuvu ignores IV's argument that the location of documentary evidence favors transfer when relevant documents will already be available in the forum of the first-filed litigation.  *See Dippold-Harmon Enter. Inc. v. Lowe's Companies, Inc.,* 2001 WL 1414868, at *7 (D. Del. Nov. 13, 2001).  The Southwest Litigation is continuing to proceed and therefore, documentary evidence of Southwest's use of the infringing technology will be produced and available in Texas, where both Southwest and Anuvu have offices.

**6.      Practical Considerations**

Anuvu's argument is incorrect.  The proper forum to resolve all issues is Texas.  As explained above, other manufacturers in-flight systems are involved in the Southwest Litigation that are not at issue here and Southwest is needed to analyze infringement.

**7.      Relative Administrative Difficulty Due to Court Congestion**

Trial in Texas will likely be as fast or faster and less administratively difficult.  Anuvu does not address that in the Southwest Litigation the Texas court has already heard a motion to compel and granted discovery on this very issue.

### 8. **Public Interest Factors Favor Transfer**

Anuvu states no support for the argument that Delaware should decide this action because it is IV's home court. Anuvu's reliance on *Goodyear* is misguided, because the case focused on the "paradigm forum for the exercise of general jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, (2011). As explained above, Anuvu has pending patent litigation against other companies as the Plaintiff pending in the WDTX. Accordingly, this Court should transfer this action to the WDTX.

### 9. **Other Factors**

Anuvu does not support any of the remainder of its cited factors, but just glosses over them in a conclusory fashion. Accordingly, the Court should disregard those arguments.

## II.    **CONCLUSION**

For the foregoing reasons, IV's motion to dismiss, transfer or stay should be granted.

Dated: April 8, 2025                    Respectfully submitted,

Of Counsel:                             FARNAN LLP

Jonathan K. Waldrop                     /s/ Brian E. Farnan
Darcy L. Jones                          Brian E. Farnan (Bar No. 4089)
Marcus A. Barber                        Michael J. Farnan (Bar No. 5165)
John Downing                            919 North Market Street, 12th Floor
Heather S. Kim                          Wilmington, DE 19801
ThucMinh Nguyen                         Tel. (302) 777-0300
KASOWITZ BENSON TORRES LLP              bfarnan@farnanlaw.com
333 Twin Dolphin Dr., Suite 200         mfarnan@farnanlaw.com
Redwood Shores, CA 94065
Tel: (650) 453-5170
Fax: (650) 362-9302
JWaldrop@kasowitz.com                   Attorneys for Defendants
DJones@kasowitz.com                     *Intellectual Ventures I LLC and*
MBarber@kasowitz.com                    *Intellectual Ventures II LLC*
JDowning@kasowitz.com
HKim@kasowitz.com
TNguyen@kasowitz.com

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, N.E., Suite 2445
Atlanta, Georgia 30309
Tel: (404) 260-6080
Fax: (404) 260-6081
PWilliams@kasowitz.com

## <u>CERTIFICATE OF COMPLIANCE</u>

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order regarding Briefing in All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 2,500 words, excluding the case caption, signature block, table of contents and table of authorities.

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)

Dated: April 8, 2025